IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN PAYNE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF OAKLAND; MIKE HEALY; Oakland Police Chief WAYNE TUCKER; Sergeant MULLIX, and ALAMEDA COUNTY,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | No. C 08-1786 WHA (PR)<br><br>**DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate of San Quentin State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis.

## DISCUSSION

### A. STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff contends that on October 25, 2005, he was shot by defendant Healy, an Oakland police officer. He says he was charged with attempted murder of a police officer, but was unarmed. He does not say what happened with that charge, or why he is currently in prison.

Plaintiff makes no allegations at all about defendants Tucker and Mullix. He also has not alleged that any violation of his rights was pursuant to a policy or custom of defendants City of Oakland or Oakland Police Department. In the absence of such an allegation, those local governmental entities cannot be held responsible. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). The complaint will be dismissed with leave to amend.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil

2

case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

    2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Petitioner also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April __9__, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3

1  G:\PRO-SE\WHA\CR.08\PAYNE1786.DWL.wpd

**United States District Court**
For the Northern District of California

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KEVIN PAYNE,

        Plaintiff,

v.

OAKLAND CITY OF et al,

        Defendant.

Case Number: CV08-01786 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 9, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin L. Payne
F-70974
San Quentin State Prison
San Quentin, CA 94974

Dated: April 9, 2008

        Richard W. Wieking, Clerk
        By: D. Toland, Deputy Clerk