IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN PAYNE,<br><br>            Plaintiff,<br><br>    v.<br><br>CITY OF OAKLAND; MIKE HEALY; Oakland Police Chief WAYNE TUCKER; Sergeant MULLIX, and ALAMEDA COUNTY,<br><br>            Defendants.                          / | No. C 08-1786 WHA (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

This is a civil rights case filed by a state prisoner. The complaint was dismissed in the initial review order with leave to amend. Plaintiff has amended. Because plaintiff still has not stated a claim, the complaint will again be dismissed with leave to amend.

**DISCUSSION**

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

(9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    DEFENDANTS**

In the original complaint plaintiff named as defendants the City of Oakland, Officer Mike Healy and Sergeant Mullix of the Oakland Police Department, Oakland Police Chief Wayne Tucker, and Alameda County. In the amended complaint plaintiff names only Healy, Mullix and Tucker. Defendants omitted from an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992). The claims against the city and county therefore will be dismissed.

**C.    CLAIMS**

The entirety of plaintiff's claim against defendant Healy, a police officer, is that Healy used excessive force by shooting him three times and that "[p]laintiff was warned at this time." This bare allegation – which amounts to no more than "the officer shot me" – is not sufficient to state a plausible claim for excessive force. Plaintiff must provide enough facts regarding the

shooting to make plausible a conclusion that it was not necessary; in this case, his allegation that he was "warned" seems to cut the other way. This claim will be dismissed with leave to amend.         Plaintiff's only allegation regarding defendant Sergeant Mullix is the assertion that Mullix "is to be held responsible for negligent training and supervising." It is not clear whether this claim is intended to be a state-law tort claim, although plaintiff's use of the word "negligent" suggests that it is. The Ninth Circuit held in *Ortega v. O'Connor*, 764 F.2d 703, 707 (9th Cir. 1985), *rev'd on other grounds*, 480 U.S. 709 (1987), that failure to comply with the California Tort Claims Act bars pendant state claims, and held in *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir. 1988), that compliance with the Tort Claims Act must be pleaded. And under Section 1983, a supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Therefore if plaintiff intended this to be a federal claim, it is deficient because he had not supplied facts which would make plausible a claim that Mullix participated in the violations or knew of them and failed to act to prevent them. For these reasons, the claim or claims against Mullix will be dismissed with leave to amend.

Plaintiff alleges that Chief Tucker "acted negligently" in retaining "an officer," presumably Healy, who "has acted recklessly and maliciously in the act of duty before." For the reasons discussed above with regard to Mullix, this is not sufficient to state a state tort claim. And plaintiff has failed to provide any factual allegations about the alleged previous acts. This claim also will be dismissed with leave to amend.

**CONCLUSION**

1. Plaintiff's claims against the City of Oakland the County of Alameda are **DISMISSED** without further leave to amend. His other claims are **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must be on the court's form for prisoner civil rights complaints, include the caption and civil case number used in this order, and carry the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must

3

1 include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262
2 (9th Cir. 1992). He may not incorporate material from the original complaint by reference.
3 Failure to amend within the designated time will result in the dismissal of the case.

4     2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
5 informed of any change of address by filing with the clerk a separate paper headed "Notice of
6 Change of Address." Papers intended to be filed in this case should be addressed to the clerk
7 and not to the undersigned. Petitioner also must comply with the Court's orders in a timely
8 fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
9 pursuant to Federal Rule of Civil Procedure 41(b).

10 **IT IS SO ORDERED.**

12 Dated: June __3__, 2008.

    WILLIAM ALSUP
13     UNITED STATES DISTRICT JUDGE

28 G:\PRO-SE\WHA\CR.08\PAYNE1786.DWL2.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KEVIN PAYNE,

        Plaintiff,

  v.

OAKLAND CITY OF et al,

        Defendant.
                                        /

Case Number: CV08-01786 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 3, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin L. Payne
F-70974
San Quentin State Prison
San Quentin, CA 94974

Dated: June 3, 2008

                                    Richard W. Wieking, Clerk
                                    By: D. Toland, Deputy Clerk