# United States District Court for the Northern District of California

## Case Number C08-1786 WHA (PR)

## Amended 42 U.S.C. 1983 Complaint

on behalf of Kevin Payne,

                Plaintiff,

v.

Police Officer Mike Healy - Oakland Police Chief, Wayne Tucker, Sergeant K. Mullnix, City of Oakland, and Alameda County,

                Defendants.

**July 2, 2008**

## OVERVIEW

The Plaintiff filed suit with the court against the Defendant Mike Healy an officer for the Oakland Police Department, who shot him while affecting an arrest, a Chief of Police (Wayne Tucker) who is employed by the City of Oakland, and Sargeant K. Mullnix, a Supervisor of the Defendant / Officer Healy.

The Plaintiff named the County of Alameda, and the City of Oakland in his initial petition as additional Defendants in this matter, but claims against both the latter entities where dismissed with no leave to amend, as the Plaintiff failed to prove any liabilities against them in the original complaint, and failed to mention them altogether in his first amended complaint.

The complaint was dismissed twice with leave to amend.

This will be the third amended complaint being submitted to the court regarding this matter.

The Plaintiff mentioned as the Primary Defendant Officer Healy, who the court has specifically pointed out that the Plaintiffs allegation that "He (Officer Healy) shot me", was not sufficient [on its face] to warrant proof of liability, and that the Plaintiff would have to show where the shooting was unwarranted and unconstitutional.

This Plaintiff believes that such a burden of proof can be met, by pointing out to the court Officer Healy's options for restraint, means of escape and / or employment of minimal force to subdue and / or arrest the Plaintiff were alternatives to shooting the Plaintiff.

By amending the complaint, the Plaintiff can now show, that Officer Healy should have been trained to consider and employ evasive techniques to escape what he believed to be imminent danger, and if necessary, to <u>use minimal tactical solutions</u> such as Pepper Spray, a Baton, or a Taser Apparatus as alternatives to shooting the Plaintiff.

All or any of these alternatives would have been more accepted, appropriate, safe, and more in compliance with Departmental Regulations as Standard Operating Procedures, and in compliance with training that Officer Healy *should* have received, and adhered to.

The Plaintiff as well can prove, and still contends, that Police Chief Wayne Tucker should be held liable for the actions of his subordinate. Chief Tucker fails to show adequate interest in public safety, and that of departmental employees. Such a lack of interest, fails to encourage an annual or periodic review of an officer's prior record of conduct. An interest shown by Chief Tucker would have revealed, or at least alerted him or his immediate superiors, that Officer Healy's conduct had been brought into question on another occasion, and prior to this incident.

In his supervisory capacity, Chief Tucker was or *should* have made himself aware of Officer Healy's prior conduct, and what disciplinary actions [if any] were levied against Officer Healy because of those prior events.

Chief Tucker is also in a capacity to initiate annual reviews or periodic review of his departmental staff, but has failed to act in that regard. The Plaintiff contends that Chief Tucker is privy to information that reveals police conduct while in service with his department, and has the opportunity to review such information. Yet, his omission to act,

by staying aloof and his willful failure to stay abreast of inter-departmental functions regarding his departments patrolling officers, has resulted in injury to the Plaintiff, and created an undue and unwarranted hardship for the Plaintiff, who still experiences physical and psychological repercussions caused by the actions of Officer Healy.

In essence, the Plaintiff's Constitutional Eighth and Fourteenth Amendment Rights against Cruel and Unusual Punishment, and Equal Protection Under the Law have also been denied him, hindered, and impaired by Chief Tucker's omission to act while under the color of authority.

Defendant / Sergeant K. Mullnix, (as the direct supervisor of Officer Healy) should have firsthand knowledge and direct access to the conduct record of Officer Healy.

Further, Sergeant K. Mullnix is directly responsible for supervision of his charge (Officer Healy) and is responsible for Officer Healy's training, compliance, and adherence to departmental procedure and protocols.

Sergeant K. Mullnix is or should be kept apprised of all situations that are potentially dangerous or lacks obvious resolution, and should avail himself for supervision at all times.

Further, Sergeant K. Mullnix should be aware of, and act upon, dispatching qualified personnel to meditate, and / or resolve disputes between his subordinates and the public when there exist a reasonable probability that volatile situations may occur. Sergeant K. Mullnix therefore, is directly responsible for In-Service Training to patrol personnel, and for review of departmental procedures and protocols, that emphasize utilizing any

available *alternative* to discharging a firearm in public. Also, when initiating an arrest, subduing, or when detaining any and all unarmed subjects. The Plaintiff was unarmed. Omissions to act in this regard, failing to adequately train, or failure to provide appropriate supervision by a Supervising Peace Officer, should make Sergeant K. Mullnix as liable as his charge(s), when adverse, and unwarranted decisions are made, that result in injury to anyone who is not a threat to the safety and well-being of the general public….Or that pose an armed threat to an officer who has options available to him for diverting potential danger, by utilizing skills and ***non-life threatening armament*** supplied by the Police Department.

## AMENDED STATEMENT OF CLAIM

This is a civil action seeking damages against Defendants / Chief Tucker, Sergeant K. Mullnix, and Police Officer Healy for violating the Plaintiff's Constitutional Rights of Protection from Cruel and Unusual Punishment (8th Amendment Right) while committing acts, under color of law, and which deprived the Plaintiff of rights secured by the Constitution and Laws of the United States. This Civil Action, also seeks damages against Defendants / Chief Tucker, Sergeant K. Mullnix, and Police Officer Healy for violating the Plaintiff's Constitutional Rights for failing to provide Equal Protection Under the Law, while conspiring for the purpose of impeding, and hindering the due course of justice, with the intent to deny the Plaintiff his Fourteenth Amendment Right (Equal Protection) by also refusing or neglecting to prevent such deprivations and denials to Plaintiff. The court has jurisdiction of this action under 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

1. The court also has jurisdiction of this action under 28 U.S.C. §1331 as:

2. Plaintiff Kevin Payne is a citizen and resident of the City of Oakland, State of California, and the United States of America.

3. Defendant W. Tucker was a Chief of Police for the City of Oakland, California's Police Department, which at all times is relevant to this complaint.

4. Defendant Sergeant K. Mullnix was a District Commander for the City of Oakland, California's Police Department, which at all times is relevant to this complaint.

5. Defendant Healy was a Police Officer employed by the Police Department, in and for the City of Oakland, California.

6. Plaintiff sues each and all Defendants (except the City of Oakland and the County of Alameda) in their individual and official capacities.

7. At all times material to this complaint, Defendants Tucker, K. Mullnix and Healy acted under the color of the statutes, customs, ordinances and usage of the State of California, the City of Oakland, and the Oakland Police Department.

## AMENDED SUMMARY OF CLAIM

Plaintiff re-alleges in this amended petition and hereby incorporates them in this petition as though fully set forth herein.

8. At all times relevant to this complaint Defendant / Sergeant K. Mullnix, as a public servant of the City of Oakland Police Department, under the supervision of Police Chief Wayne Tucker, but while acting in concert to his own obligations, knowingly, recklessly, with deliberate indifference, and callous disregard of the Plaintiff's rights, failed to instruct supervise or control and discipline on a

continual basis Defendant Mike Healy [a police officer] in his duties to refrain from:

*(1).* Unlawfully and maliciously discharging a weapon which caused unnecessary, unwarranted, and irreparable damage to the unarmed Plaintiff who sustained multiple injuries as a result of being shot.

*(2).* Using unreasonable and excessive force before, during and after the making of an arrest, whether the arrest was lawful or unlawful.

*(3).* Conspiring to violate the rights, privileges and immunities guaranteed to the Plaintiff by the Constitution of the United States and the Laws of the State of California; and

*(4).* Otherwise depriving Plaintiff of his Constitutional and Statutory Rights such as Protection From Cruel and Unusual Punishment and Equal Protection Under the Law.

10. Defendants Wayne Tucker, and Sergeant K. Mullnix had knowledge or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continual basis, *should have had knowledge* that the wrongs conspired to be done, as here fore alleged, were about to or had a probability to be committed sometime in the course of Officers Healy's service to the Oakland Police Department, as they had knowledge and access to Officer Healy's service record to date. Further, that Police Chief Tucker, and Sergeant K. Mullnix had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, but knowingly, recklessly, or with deliberate indifference and callous disregard of the Plaintiffs Constitutional Rights to keep the Plaintiff free from Cruel and Unusual Punishment and Provide Equal Protection Under the Law failed or refused to do so.

11. Defendants Police Chief Tucker and Sergeant K. Mullnix directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of the Defendant / Police Officer (Mike Healy).

12. As a direct and proximate cause of the acts of Defendants Police Chief Wayne Tucker, Police Sergeant K. Mullnix, and Police Officer Mike Healy as set forth in the paragraphs 8-12 Plaintiff suffered physical injury, loss of liberty, and severe mental anguish in connection with the deprivation of his Constitutional and Statutory Rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. §1983.

## AMENDED PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kevin Payne prays that the court will render judgment against Defendants Tucker, K. Mullnix and Healy jointly and severally, for compensatory damages in the amount of $5,000,000.00, and further demands judgment against each of the said Defendants (except the City of Oakland, California and the County of Alameda) jointly and severally, for punitive damages in the amount of $2,000,000.00, plus costs of this action and such other relief as the court deems just and equitable.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 30th day of June, 2008

_Kevin Payne_
Kevin Payne – F70974
San Quentin State Prison

Kevin Payne
F-10974
S.Q.S.P.
San Quentin, CA 94974 - 5H14L



Confidential -
Legal Mail

Office of The Clerk U.S. Dis. Court
Northern District of Calif.
450 Golden Gate Ave.
San Francisco, CA 94102

UNITED STATES POSTAGE
$00.59⁰
PITNEY BOWES
02 1M
0004248283  JUL 01 2008
MAILED FROM ZIPCODE 94964