IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN PAYNE,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF OAKLAND; MIKE HEALY; Oakland Police Chief WAYNE TUCKER; Sergeant MULLNIX, and ALAMEDA COUNTY,<br><br>    Defendants.<br>                                           / | No. C 08-1786 WHA (PR)<br><br>**ORDER OF SERVICE AND PARTIAL DISMISSAL** |

This is a civil rights case filed pro se by a state prisoner. The complaint was dismissed with leave to amend in the initial review order . Plaintiff has amended.

**DISCUSSION**

In the amended complaint plaintiff makes no claim against defendant Alameda County. It will be dismissed from the case. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992) (defendants not named in an amended complaint are no longer defendants).

Plaintiff contends that defendant Healy, an Oakland police officer, unnecessarily shot him. In the initial review order it was noted that plaintiff had made no allegations at all about defendants Tucker and Mullnix, and had not alleged that any violation of his rights was pursuant to a policy or custom of defendant City of Oakland.

///

In the amended complaint plaintiff attempts to state claims against Tucker and Mullnix. Mullnix, a sergeant, is alleged to have been the superior of Healy. Tucker was the Chief of Police.

A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff's allegations that Tucker and Mullnix should have known that Healy was inclined to use excessive force is insufficient to meet this standard. In effect, plaintiff is contending that Tucker and Mullnix are liable because they were Healy's superiors and had a duty to know about his tendency to use excessive force. The claims against them thus are respondeat superior claims, that is, claims that Tucker and Mullnix are liable simply because they were Healy's superiors. Such claims cannot be brought under Section 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

As to the City of Oakland, plaintiff has alleged that Healy's actions were pursuant to a policy or practice of the city, which though conclusory is sufficient. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002) (improper to dismiss on the pleadings alone a Section 1983 complaint alleging municipal liability, even if the claim is based on nothing more than a bare allegation that the individual employee's conduct conformed to official policy, conduct or practice). That claim, and the claim against Healy, will be served.

**CONCLUSION**

1. The claims against defendants Alameda County, Mullnix, and Tucker are **DISMISSED** with prejudice.

2. Plaintiff's motion to attend the trial of his case in person (document number 8 on the docket) is **DENIED** as premature. It may be renewed if the case comes to trial. His motion to submit the case to mediation or arbitration (document number 10) also is **DENIED**. It seems

likely that his claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). If the case survives a motion to dismiss, or if no such motion is filed, plaintiff may renew his request for referral to the settlement program.

      3. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter and copies of this order upon the following defendants: the City of Oakland and officer Mike Healy, of the Oakland Police Department. The clerk shall also serve a copy of this order on the plaintiff.

      4. In order to expedite the resolution of this case, the court orders as follows:

          a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

          b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

    If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.), *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

          c. If defendants wish to file a reply brief, they shall do so no later than fifteen days after the date of service of the opposition.

///

   d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

  5. All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

  6. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March __4__, 2009.

/s/ William Alsup
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.07\CR.08\PAYNE1786.SRV.wpd

4

## NOTICE -- WARNING
## (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

## NOTICE -- WARNING
## (EXHAUSTION)

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.

5