IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN PAYNE,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF OAKLAND; MIKE HEALY; Oakland Police Chief WAYNE TUCKER; Sergeant MULLNIX, and ALAMEDA COUNTY,<br><br>    Defendants. | No. C 08-1786 WHA (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>(Docket No. 17) |

**INTRODUCTION**

This is a civil rights action filed under 42 U.S.C. 1983 by a state prisoner proceeding pro se. In his second amended complaint[1] plaintiff claimed that defendant Oakland Police Officer Mike Healy used excessive force while arresting plaintiff, in violation of plaintiff's rights under the Fourth and Eighth Amendments, and under the Equal Protection Clause. The claims against Oakland Police Chief Wayne Tucker, Sergeant Mullnix, and Alameda County were dismissed. Defendants Healy and the City of Oakland have moved for summary judgment. Although he was give an opportunity to oppose the motion, plaintiff has not done so. For the reasons set out below, the motion for summary judgment is **GRANTED**.

---

[1] For brevity, the second amended complaint will be referred to herein simply as the complaint.

**ANALYSIS**

The motion for summary judgment is unopposed. A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). The court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See United States v. Real Property at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995) (local rule cannot mandate automatic entry of judgment for moving party without consideration of whether motion and supporting papers satisfy Fed. R. Civ. P. 56), *rev'd on other grounds sub nom. Degen v. United States*, 517 U.S. 820 (1996).

The papers in support of the motion for summary judgment show that Healy used a reasonable amount of force under the Fourth Amendment. Determining whether the force used during the course of an arrest was reasonable under the Fourth Amendment includes examining "the severity of the of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 394-96 (1989). The use of deadly force is reasonable under Fourth Amendment where police officer has probable cause to believe that the suspect poses significant threat of death or serious physical injury to officer. *Tennessee v. Garner*, 471 U.S. 1, 3 (1985). Defendants' papers show that plaintiff had jumped on Healy him and was strangling him. Plaintiff pushed his thumb into Healy's trachea and stopped Healy from breathing, and Healy began to feel that he was losing consciousness. Plaintiff punched Healy in the face, unfastened Healy's holster, and was grabbing at Healy's gun. In response to this attack, Healy shot plaintiff three times. Healy's actions were reasonable under the Fourth Amendment because plaintiff posed an imminent threat to Healy's life. Because Healy's conduct was lawful, moreover, the City of Oakland is not liable for plaintiff's injuries.

While plaintiff's complaint is verified, and as such is treated as a sworn affidavit opposing summary judgment motion to the extent it sets forth matters based on the plaintiff's

personal knowledge and sets forth specific facts admissible in evidence, *see Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995), the complaint sets forth no factual allegations that contradict or dispute the account set forth in defendants' papers. Indeed, the only factual allegations in the complaint about the altercation between Healy and plaintiff are that Healy shot plaintiff and that plaintiff was unarmed, as described in defendants' account (Second Amend. Compl. 5, 7).

There is also no evidence that defendants violated plaintiff's equal protection or Eighth Amendment rights because there is no evidence of any discrimination against plaintiff, *see City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (Equal Protection Clause requires that "all persons similarly situated should be treated alike"), or that plaintiff was a state prisoner at the time of the incident, *see Helling v. McKinney*, 509 U.S. 25, 31 (1993) (Eighth Amendment governs treatment of prisoners in state prison).

In sum, defendants' unopposed summary judgment papers establish that they did not violate plaintiff's constitutional rights, and there is no genuine issue of material fact either evident from those papers or created by any factual allegations in plaintiff's verified complaint. In light of this conclusion, defendants' alternative argument that plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994), need not be reached.

## CONCLUSION

Defendants' motion for summary judgment (docket number 17) is **GRANTED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 10, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.08\PAYNE1786.MSJ.wpd

3